WESTERN DIS
September, 1833.

PRIMOT
vs.
THIBODEAUX.

---

### PRIMOT vs. THIBODEAUX.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SIXTH
PRESIDING.

When two parties are applicants for the purchase of a tract of land from the
United States, and the Register permits one of them to purchase, his title
under such a permission will not be disturbed, although the evidence does
not satisfactorily prove the decision between them to have been made by a
comparison of the proof of their respective pretensions.

The plaintiff claimed the ownership of a certain tract
of land situated in the parish of La Fayette, on the
bayou Tigre, and containing 161 32-100 acres. He claimed
the land by virtue of an alleged purchase from the United
States on the 8th of November, 1830, agreeably to the pro-
visions of the act of congress, approved May 29th, 1830. He
alleged that he had complied with the requisitions of that act
by possession and cultivation, and that the defendant, knowing
the right of pre-emption to be in the plaintiff, had entered upon
the premises, erected buildings, cut the timber, made fences,
cultivated the land and performed many other acts of pre-
tended ownership. He prayed to be put in possession, that
his title might be quieted, and that the defendant pay
damages for his disturbance.

WESTERN DIS
*September*, 1833.

PRIMOT
*vs.*
THIBODEAUX.

The defendant pleaded the general denial. He averred that the plaintiff had not complied with the requisitions of the act of Congress, which he relied on, and that he had not obtained the pre-emptive right which he claimed to have. The defendant also averred that he was entitled to the land in question; that he had cultivated and possessed it for a long period; that while he was taking the necessary steps to secure his privilege, the plaintiff fraudulently and under false pretences made the purchase on which he relies. He insists the plaintiff's claim is unfounded, and prays for its rejection with damages.

On the trial the plaintiff produced in evidence a certificate of the Register of the Land Office, dated at Opelousas, 8th November, 1830, showing cultivation by the plaintiff of the tract in dispute in the year 1829, and actual possession and occupancy in 1829 and 1830; allowing him to make entry and purchase of the tract by preference pursuant to the provisions of the said act of Congress; and declaring the purchase of and payment for the tract by the plaintiff on the day of the date of the certificate.

*Primo,* a witness, testified that the defendant yet lives on the tract, and has lived and raised crops there for the last two years. The houses of both parties are within the lines bounding the tract.

*Caruthers,* testified that the plaintiff erected his house on the tract two years since; he remained there one year and then removed. The only crop which the plaintiff has produced on the tract was about two years ago. The defendant has now his fourth crop on the tract.

*Landry,* testified that the defendant had occupied and cultivated the tract for the last four years; that the first year he cultivated 30 or 40 arpents of it. When witness and defendant called upon the Register and applied for the preemptive right to the tract, they were told by the Register that he could not then find the plats of land on the bayou Tigre, and he requested defendant to obtain the necessary surveys. Afterwards witness and the defendant called on the

Register in relation to this tract, and he informed them it had in the interval been purchased by the plaintiff.

The plaintiff had judgment and the defendant appealed.

PORTER, J. delivered the opinion of the Court.

This is a petitory action. The plaintiff claims the premises in virtue of a purchase from the United States. The defendant contests the legality of it, and avers that the title so conveyed should enure to his benefit: that the plaintiff never did comply with the requisitions of the act of Congress to entitle him to a pre-emption; but that on the contrary, he, the defendant, did, on the premises in question.

The Court of the first instance gave judgment for the plaintiff, and the defendant appealed.

Both the parties were applicants for the land before the Register, at the time he permitted the plaintiff to become the purchaser. Whether this decision was made on a comparison of the proof of the respective pretensions of the claimants, the record before us does not afford satisfactory proof. Be the fact, however, as it may, the case does not in any important respect differ, and cannot be satisfactorily distinguished from that of *Henry's heirs v. Welch, reported in 4th La. R ports, page* 517; and we refer to that case for the reasons on which we think the plaintiff should recover.

It is, therefore, adjudged and decreed that the judgment of the District Court be affirmed with costs.

*When two parties are applicants for the purchase of a tract of land from the United States, and the Register permits one of them to purchase, his title under such a permission will not be disturbed, although the evidence does not satisfactorily prove the decision between them to have been made by a comparison of the proof of their respective pretensions.*